RECEIVED

OCT 2 6 1998

SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

# 98 DTA 167

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I DE SAN JUAN
PANEL IV**

IN RE: ROBERTO VARGAS CAÑIZARES
Peticionario

Núm. KLRA-97-0020

San Juan, Puerto Rico, a 21 de abril de 1998

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Cordero y la Juez Feliciano Acevedo

Feliciano Acevedo, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

El señor Roberto Vargas Cañizares (señor Vargas) solicita se revise y revoque la resolución emitida el 10 de marzo de 1997, notificada el 11 de marzo de 1997, por la Oficina de Reglamentos y Certificación de los Profesionales de la Salud y la Junta Examinadora de Administradores de Servicios de Salud (la Junta) en el caso *In Re: Roberto Vargas Cañizares,* sobre denegatoria de solicitud. En dicha resolución, se le denegó al señor Vargas la solicitud para tomar el examen de reválida que administra la Junta.

### II

El señor Vargas completó estudios conducentes a una maestría en *Administración de Servicios de Salud para diciembre de 1992 en la Universidad "Sangamon State",* institución que pertenece a la Universidad de Illinois. El programa de maestría está acreditado por el Board of Regents of the State of Illinois, The Illinois Board of Higher Education y por la American Association of Collegiate Schools of Business. Además, estaba acreditado para recibir los beneficios de los programas federales de Guaranteed Student Loan (GSL), Stanford Loan (SL), Pell y Federal Work Study.

El señor Vargas hizo su internado en el Hospital Doctor Pila en Ponce, Puerto Rico. Laboró por un término de 400 horas a pesar de que el programa de maestría exigía sólo 160. Presentó su tesis y fue evaluada con notas de *"A".*

Después de su graduación, el señor Vargas trabajó por más de dos años como Ayudante del Director Ejecutivo del Hospital Regional de Ponce. En dicho hospital realizaba funciones dentro de la competencia de su área de maestría.

El señor Vargas presentó solicitud de examen y licencia para ejercer la profesión de Administrador de Servicios de Salud. Su solicitud fue presentada ante la Junta.

Mediante resolución de 8 de mayo de 1996, la Junta denegó la solicitud de licencia. Determinó que la universidad que le expidió el grado al señor Vargas no estaba acreditada por la *"Accrediting Commission on Education for Health Services Administration".* Concluyó que, a tenor con lo dispuesto en el Art. 8 de la Ley Núm. 31 de 30 de mayo de 1975, según enmendada, la cual reglamenta en Puerto Rico la práctica de los administradores de servicios de salud, es requisito indispensable para poder tomar el examen de reválida, haber estudiado en una universidad acreditada por el referido organismo.

Insatisfecho, el señor Vargas presentó solicitud de reconsideración y de vista adjudicativa ante la Junta.

Luego de haber evaluado la prueba presentada y la Ley Núm. 31 de 30 de mayo de 1975, mediante resolución de 22 de enero de 1997, la Oficina de Reglamentación y Certificación de los Profesionales de la Salud concluyó que la solicitud de licencia debía ser denegada.

El señor Vargas presentó moción para que se volviera a notificar. Indicó que la resolución denegando la solicitud de tomar el examen de reválida no fue notificada por la Oficina de Reglamentación al representante legal suyo, Lcdo. Rolando Emmanuelli. Además, señaló que la notificación de la resolución no satisfacía los requerimientos de la sección 3.14 de la Ley 170 de 12 de agosto de 1988, toda vez que la resolución no hacía expresión alguna sobre el derecho a solicitar reconsideración o revisión de la misma ni de los términos para presentar dicho recurso.

### III

El señor Vargas hace los siguientes señalamientos de error:

*"A. Erró la Junta Examinadora de Administradores de Servicios de Salud al denegar la solicitud de examen de reválida al peticionario recurrente de este caso por el único fundamento de que la universidad donde estudió el grado no está acreditada por la Accrediting Commission on Education for Health Services Administration.*

*B. Erró la Junta Examinadora de Administradores de Servicios de Salud al denegar la solicitud de examen de reválida al peticionario recurrente de este caso amparada en el Artículo 6 de la Ley Núm. 31 de 30 de mayo de 1975, según enmendada, cuando esta disposición viola, de su faz y en la aplicación a los hechos del caso, las cláusulas del Debido Proceso de Ley y la Igual Protección de las Leyes de las Constituciones de los Estados Unidos y del Estado Libre Asociado de Puerto Rico.*

*C. Erró la Junta Examinadora de Administradores de Servicios de Salud al denegar la solicitud de examen de reválida al peticionario recurrente de este caso sin proveerle alternativas razonables que garanticen la confiabilidad de las cualificaciones del aspirante, y que dentro de las circunstancias de este caso, le permitan tomar el mismo."*

## IV

Por los fundamentos que exponemos a continuación, confirmamos la resolución recurrida.

Discutiremos los señalamientos de error conjuntamente, por estar éstos íntimamente relacionados.

La Ley Núm. 31 de 30 de mayo de 1975, según enmendada, reglamenta la práctica de la profesión de Administradores de Servicios de Salud en Puerto Rico. El Administrador de Servicios de Salud es aquel profesional que tiene la misión de armonizar y utilizar adecuadamente los recursos humanos, materiales y económicos disponibles para lograr la organización y administración de los servicios de salud en forma integral y abarcadora y de la mayor calidad posible con un costo adecuado a los recursos disponibles. Art. 1(a) de la Ley Núm. 31 de 30 de mayo de 1975, 20 L.P.R.A. sec. 3552.

El artículo 4 de dicha ley dispone que entre las facultades y deberes de la Junta Examinadora de Administradores de Servicios de Salud están los siguientes: Autorizar el ejercicio de la profesión de Administrador de Servicios de Salud y denegar, suspender, cancelar o revocar licencias. 20 L.P.R.A. sec. 2354. El artículo 8 de la Ley Núm. 31, *supra*, establece que la Junta podrá denegar, suspender o cancelar una licencia, previa notificación y audiencia, si determina que el aspirante o el tenedor de la misma ha incurrido en cualquiera de las prácticas allí enumeradas. 20 L.P.R.A. sec. 2358. Así, una licencia podrá ser denegada cuando el solicitante no cumpla con los requisitos establecidos por esta ley. Dentro de los requisitos señalados para el otorgamiento de licencias, el Artículo 6 de la Ley Núm. 31, *supra*, dispone lo siguiente:

"La Junta concederá licencia de Administrador de Servicios de Salud a todo aspirante que cumpla con los siguientes requisitos:

*"a)...*

*e) presentar ante la Junta un diploma o su equivalente, expedido por una universidad, colegio o escuela reconocida por la Junta acreditativo de haber obtenido el grado de Maestro en Administración de Hospitales o en Administración de Servicios de Salud. Disponiéndose, que en el caso de instituciones educativas en Puerto Rico, los programas deberán estar acreditados por el Consejo de Educación Superior de Puerto Rico (C.E.S.)* **y si radican en Estados Unidos por la entidad nacional Accrediting Commission on Education for Health Services Administration."** (Enfasis nuestro.) 20 L.P.R.A. sec. 2356.

Los requisitos enunciados en el artículo 8 de la Ley Núm. 31, *supra*, tienen como objetivo asegurar la excelencia de los servicios médicos a ofrecerse al pueblo de Puerto Rico. El Administrador de Servicios de Salud debe tener una preparación académica adecuada.

El aspirante a tomar la reválida de Administrador de Servicios de Salud, debe presentar diploma ante la Junta, expedido por una universidad, colegio o escuela reconocida por la Junta, acreditando el haber obtenido dicho grado. En Puerto Rico las instituciones que ofrezcan dichos programas tienen

que estar acreditadas por el Consejo de Educación Superior de Puerto Rico. De un aspirante haber cursado estudios en una universidad o colegio de los Estados Unidos, el requisito por ley es la *"Accrediting Commission on Education for Health Services Administration"*. La Universidad de Sagamon no es una acreditada por dicho organismo. Por tal razón, el señor Vargas no cumple con uno de los requisitos de ley.

Imponerle la responsabilidad a la Junta de determinar que, en cada caso de aspirantes a tomar la reválida para dicha profesión, evalúe el curiculum de las universidades, resultaría demasiado oneroso.

Nuestro más alto foro ha expresado que en el ejercicio de su poder regulador o *"police power"* el Estado tiene la facultad para poder regular y controlar la práctica de las profesiones para proteger la salud y el bienestar público a la vez que se evita el fraude y la incompetencia. Además, puede prohibir la práctica de una profesión, a menos que primero se obtenga una licencia, permiso o certificado de alguna entidad u oficial examinador. Véase *Colegio de Ingenieros y Agrimensores de Puerto Rico v. Autoridad de Acueductos y Alcantarillados,* Opinión de 21 de octubre de 1992, ___ D.P.R. ___, **92 J.T.S. 137,** pág. 10019.

En *Santiago v. Trib. Exam. de Médicos,* 118 D.P.R. 1, 6 (1986), el Tribunal Supremo resolvió y citamos:

*"Al reglamentar el acceso a una profesión el Estado no puede excluir aspirantes de forma, o por motivos que violenten el debido proceso de ley y la igual protección de las leyes. El Estado puede establecer unos requisitos de conocimientos mínimos, capacidad, destreza, entereza moral o cualquier otra calificación que esté racionalmente relacionada con el objetivo de garantizar que los admitidos posean la competencia para practicar la profesión en forma adecuada."*

Como vemos, la universidad en la cual cursó estudios el señor Vargas, no estaba acreditada por la *"Accrediting Commission on Education for Health Services Administration".*

Por último, señalamos que la Junta no erró al denegarle al señor Vargas su solicitud para coger el examen de reválida, basando su decisión en que la Universidad de Sagamon State no estaba acreditada por la *"Accrediting Commission on Education for Health Services Administration".*

Claramente, de la lectura de la Ley Núm. 31, *supra,* la intención del legislador al aprobar dicha ley fue que el organismo acreditativo en el cual iba a confiar, sería ése.

Por los fundamentos aquí expresados, se confirma la resolución emitida el 10 de marzo de 1997.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General